Chang v. Holder

BIA
Lamb, IJ
A094 926 276

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand fourteen.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JIAN CHANG, AKA JIAN LIN-YANG,
> *Petitioner,*

> v.                                            12-2250
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gerald Karikari, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Luis E. Perez,
                     Senior Litigation Counsel; Regina
                     Byrd, Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Chang, a native and citizen of the People's Republic of China, seeks review of a May 11, 2012, decision of the BIA affirming the May 14, 2010, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chang*, No. A094 926 276 (B.I.A. May 11, 2012), *aff'g* No. A094 926 276 (Immig. Ct. N.Y. City May 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yan Chen*, 417 F.3d at 271.

## I.  Claims Based on Activities in China

Chang has abandoned his claim that he suffered past persecution, arguing only that the agency erred in finding that he failed to establish a well-founded fear of persecution on account of his distribution of Falun Gong flyers in China.  The agency did not err in finding Chang's testimony in this regard implausible such that he was required to provide reasonably available, credible corroborating evidence.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).  "The point at which a finding that testimony is implausible ceases to be sustainable as reasonable and, instead, is justifiably labeled "speculation," in the absence of an IJ's adequate explanation, cannot be located with precision."  *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006).  However, while "bald" speculation is an impermissible basis for finding testimony implausible, "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."  *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

The agency's finding that it was implausible that police were able to quickly identify Chang and locate his house was reasonably based on record facts viewed in light of common sense, namely Chang's testimony that: (1) the policemen from whom he ran did not know him, did not question him, and did not even ask his name; (2) he was distributing flyers onto bicycles outside a supermarket alone; and (3) he did not speak to or recognize anyone at the supermarket at which he only sometimes shopped. *See id*. Furthermore, Chang has not identified any record evidence "from which a firm conviction of error could properly be derived," *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *see also Siewe*, 480 F.3d at 168 (noting that "record support for a contrary inference—even one more plausible or more natural—does not suggest error"). Contrary to Chang's argument, the agency was not compelled to credit Chang's explanation that some unidentified person may have reported him, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that an agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

As the agency did not err in finding Chang's account of events in China implausible, the BIA did not err in

4

concluding that reasonably available corroborating evidence was required to satisfy his burden of proof that he had a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Chuilu Liu*, 575 F.3d at 196-97. Indeed, "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). Even if we assume arguendo that the IJ erred in finding that there was reasonably available medical evidence of injuries his father suffered, there is no error in the agency's (1) decision not to credit unsworn letters from Chang's father and friend, or (2) in its finding that sworn letters, or other evidence of his father's detention, beating, or resulting injuries were reasonably available because Chang was in communication with his father. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the agency); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the alien's friends and family were insufficient to provide substantial support for the

5

alien's claims because they were interested witnesses not subject to cross-examination (citations omitted)), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Accordingly, because a reasonable fact-finder would not be compelled to reach the conclusion that Chang satisfied his burden of proving that he had a well-founded fear of persecution on account of his distribution of Falun Gong flyers in China, substantial evidence supports the agency's decision to this extent. *See* 8 U.S.C. § 1252(b)(4)(B); *Yan Chen*, 417 F.3d at 271. Therefore, the agency did not err in denying asylum, withholding of removal, and CAT relief insofar as those claims were based on Chang's claimed fear of persecution for his activities in China. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

## II. Claims Based on Activities in the United States

The agency did not err in concluding that Chang failed to demonstrate a well-founded fear of persecution on account of his practice of Falun Gong in the United States because he did not assert that authorities in China were aware of his practice, and his conclusory assertion that they would like become aware of his practice was insufficient to satisfy his burden absent any supporting country conditions

6

evidence.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  Therefore, the agency reasonably denied Chang asylum, withholding of removal, and CAT relief insofar as those claims were based on his activities in the United States.  *See Paul*, 444 F.3d at 156-57.

We do not consider Chang's assertion that he has a well-founded fear of persecution as there is a pattern and practice of persecution of Falun Gong practitioners in China because he did not exhaust that argument before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (concluding that exhaustion of administrative remedies is a predicate of this Court's subject matter jurisdiction, while the failure to exhaust specific issues is an affirmative defense subject to waiver).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk